# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ARLENE MCADAMS                                    :
2618 S. Front Street                              :
Philadelphia, PA 19142                            :
     v.                  :
PHILADELPHIA NAVAL YARD                           :
4747 South Broad Street-Building 101 Suite 120    :
Philadelphia, PA 19112                            :
    And                        :
PHILADELPHIA NAVY YARD ASSOCIATES                 :
2000 Market Street-10th Floor                     :
Philadelphia, PA 19103                            :
    And                        :
SMITH, DEMARCO & COMPANY INC                      :
2000 Market Street-Suite 3500 West                :
Philadelphia, PA 19103                            :
    And                        :
PHILADELPHIA INDUSTRIAL DEVELOPMENT               :
CORPORATION                                       :
1500 Market Street-Suite 3500 West                :
Philadelphia, PA 19103                            :
    And                        :
CITY OF PHILADELPHIA                              :
1515 Arch Street-14th Floor                       :
Philadelphia, PA 19103                            :
    And                        :
COMMONWEALTH OF PENNSYLVANIA                       :
DEPT OF TRANSPORTATION                            :
Torts Litigation-Strawberry Plaza-15th Floor      :
Harrisburg, PA 17120                              :
    And                        :
PHILADELPHIA AUTHORITY FOR INDUSTRIAL             :
DEVELOPMENT                                       :
2600 Centre Square W.                             :
1500 Market Street                                :
Philadelphia, PA 19102                            :
    And                        :
BASIN BRIDGE LLC                                  :
1900 Kitty Hawk Avenue-Suite 108                  :
Philadelphia, PA 19112                            :
CONTINUED ON NEXT PAGE

UNITED STATES NAVY                          :
1000 Navy Pentagon                          :
Washington, DC 20350                        :
     And                :
UNITED STATES OF AMERICA                     :
615 Chestnut Street- Suite 1250              :
Philadelphia, PA 19106                       :

## **COMPLAINT**

Plaintiff, Arlene McAdams by and through her attorney, Anthony Lopresti, demands

judgment against Defendants, Philadelphia Naval Yard, Philadelphia Navy Yard Associates,

Smith, Demarco & Company Inc., Philadelphia Industrial Development Corporation, City of

Philadelphia, Commonwealth of Pennsylvania –Dept of Transportation, Philadelphia Authority

for Industrial Development, Basin Bridge LLC, United States Navy and United States of

America and in support thereof, state as follows:

### **AVERMENTS OF JURISDICTION**

1.     Plaintiff, Arlene McAdams, is an adult individual who resides at the above-

captioned address.

2.     Defendant, Philadelphia Naval Yard, is a government entity with a principal place

of business located at the above captioned address.

3.     Defendant, Philadelphia Navy Yard Associates, is a government entity with a

principal place of business at the above captioned address.

4.     Defendant, Smith Demarco & Company Inc, is a business, company, entity,

partnership, franchise, fictitious name, proprietorship or corporation existing and/or qualifying

under the laws of the Commonwealth of Pennsylvania, with a registered office for the

acceptance of service or a principal place of business at the address listed in the caption of this Complaint.

5.      Defendant, Philadelphia Industrial Development Corporation, is a government entity with a principal place of business at the above-captioned address.

6.      Defendant, City of Philadelphia, is a government entity with a principal place of business at the above captioned address.

7.      Defendant, Commonwealth of Pennsylvania-Dept of Transportation, is a government entity with a principal place of business at the above-captioned address.

8.      Defendant, Philadelphia Authority for Industrial Development, is a government entity with a principal place of business at the above-captioned address.

9.      Defendant, Basin Bridge LLC, is a business, company, entity, partnership, franchise, fictitious name, proprietorship or corporation existing and/or qualifying under the laws of the Commonwealth of Pennsylvania, with a registered office for the acceptance of service or a principal place of business at the address listed in the caption of this Complaint.

10.     Defendant, United States Navy, is a government entity with a principal place of business at the above-captioned address.

11.     Defendant, United States of America, is a government entity with a principal place of business at the above-captioned address.

12.     This is an action arising under 28 U.S.C. §1331 entitled "Federal Question."

### GENERAL AVERMENTS

13.     Plaintiff, Arlene McAdams, incorporates by reference hereto, all of the averments contained in Paragraphs 1 through 12 inclusive, as if set forth at length herein.

14.     At all times material hereto, Defendants, Philadelphia Naval Yard and/or Philadelphia Navy Yard Associates and/or Smith DeMarco & Company Inc did own and/or operate and/or manage and/or control and/or possess the property specifically the sidewalk area located at or near 4600 S. Broad Street, adjacent to the Naval Yard Philadelphia, Pennsylvania.

15.     At all times material hereto, Defendants, Philadelphia Industrial Development Corporation and/or Philadelphia Authority for Industrial Development, did own and/or operate and/or manage and/or control and/or possess the property specifically the sidewalk area located at or near 4600 S. Broad Street, adjacent to the Naval Yard Philadelphia, Pennsylvania.

16.     At all times material hereto, Defendant, City of Philadelphia, did own and/or operate and/or manage and/or control and/or possess the property specifically the sidewalk area located at or near 4600 S. Broad Street, adjacent to the Naval Yard Philadelphia, Pennsylvania.

17.     At all times material hereto, Defendant, Commonwealth of Pennsylvania, Department of Transportation did own and/or operate and/or manage and/or control and/or possess the property specifically the sidewalk area located at or near 4600 Broad Street, adjacent to the Naval Yard Philadelphia, Pennsylvania.

18.     At all times material hereto, Defendant, Basin Bridge LLC, did own and/or operate and/or manage and/or control and/or possess the property specifically the sidewalk area located at or near 4600 S. Broad Street, adjacent to the Naval Yard Philadelphia, Pennsylvania.

19.     At all times material hereto, Defendants, United States Navy and/or United States of America, did own and/or operate and/or manage and/or control and/or possess the property specifically the sidewalk area located at or near 4600 S. Broad Street, adjacent to the Naval Yard Philadelphia, Pennsylvania.

20.     On or about June 3, 2020, and for some time prior thereto, Defendants, acting by and through their agents, servants, workmen and/or employees, acting as aforesaid, carelessly and negligently allowed a dangerous and defective condition, to wit: an un-even and/or un-level and/or broken and/or deteriorated sidewalk was permitted to exist at the aforesaid location, for an unreasonable period of time.

21.     Defendants were responsible for the proper maintenance of the aforesaid premises and to keep said premises safe for business invitees and/or lawful pedestrians.

22.     On or about June 3, 2020, while a lawful pedestrian on Defendants property, Plaintiff, Arlene McAdams, did fall to the ground by reason of coming in contact with the aforementioned dangerous and defective condition at the aforesaid location, causing Plaintiff the injuries that form the basis for this action.

23.     The aforesaid accident was due solely to the negligence and carelessness of the Defendants, acting as aforesaid, and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiff.

## FRIST COUNT
## PLAINTIFF, ARLENE MCADAMS v. DEFENDANTS, PHILADELPHIA NAVAL YARD, PHILADELPHIA NAVY YARD ASSOCIATES & SMITH, DEMARCO & COMPANY INC
## THIRD PARTY LIABILITY

24.     Plaintiff, Arlene McAdams, incorporates by reference hereto, all of the averments contained in Paragraphs 1 through 23 inclusive, as if set forth at length herein.

25.     The injuries and damages hereinafter set forth were caused solely by and were the direct and proximate result of the negligence of the Defendants, which consisted, inter alia, of the following:

(a)  allowing and/or causing a dangerous and defective condition to exist of the premises at the aforesaid location, of which Defendants knew or should have known by the exercise of reasonable care;

(b)  said dangerous condition created a reasonably foreseeable risk of the kind of injuries which Plaintiff sustained;

(c)  defendants knew or should have known of the existence of said dangerous condition;

(d)  failing to give warning or notice of the defective condition;

(e)  failing to inspect the sidewalk at reasonable intervals to determine the condition thereof;

(f)  failing to repair and/or replace the sidewalk in question;

(g)  failing to provide Plaintiff with a safe and adequate passageway on a known public thoroughfare;

(h)  permitting a highly dangerous condition to exist for an unreasonable length of time;

(i)  failing to perform duties which they had assumed;

(j)  failing to use due care under the circumstances;

(k)  failing to hire and/or supervise competent contractors to properly repair and/or maintain the premises including the sidewalk;

(l)  allowing the sidewalk to fall into a state of disrepair;

(m)  Failing to place caution signs or other warning mechanisms to warn of a potential hazard;

(n)  negligence per se; and

(o)     in being otherwise careless, and negligent, the particulars of which are presently unknown to Plaintiff, but which may be learned by discovery procedures provided by the Federal and/or Pennsylvania Rules of Civil Procedure, or which may be learned at the trial of this case.

27.     As a result of this accident, Plaintiff, Arlene McAdams, had suffered injuries which were serious and permanent in nature, including but not limited to: bilateral derangement of the knees requiring injection therapy, anterior and posterior tears of the lateral and medial meniscus, bilateral knee sprain and strain, right ankle sprain and strain, right wrist sprain and strain, as well as other injuries and ongoing physical rehabilitation as may be diagnosed and/or prescribed by plaintiff's health care providers, all of which have caused plaintiff in the past, great pain and suffering.

28.     As a further result of this accident, Plaintiff, Arlene McAdams has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses and may be obliged to continue to expend such sums or incur such expenditures for an indefinite time in the future.

29.     As a further result of this accident, Plaintiff, Arlene McAdams, has suffered a severe loss of earnings and impairment of earning power and capacity.

30.     As a further result of this accident, Plaintiff, Arlene McAdams, had suffered medically determinable physical and/or mental impairment that prevented the plaintiff from performing all or substantially all of the material acts and duties that constituted the plaintiff's usual and customary activities prior to the accident.

31.     As a direct and reasonable result of the accident aforementioned, Plaintiff, Arlene McAdams, has or may hereafter incur other financial expenses that do or may exceed amounts which plaintiff may otherwise be entitled to recover.

32.     As a further result of the accident aforementioned, Plaintiff, Arlene McAdams, had suffered severe physical pain, mental anguish and humiliation.

**WHEREFORE,** Plaintiff, Arlene McAdams demands judgment against the Defendants, jointly and/or severally, for damages.

## SECOND COUNT
### PLAINTIFF, ARLENE MCADAMS v. DEFENDANTS, PHILADELPHIA INDUSTRIAL DEVELOPMENT CORPORATION & PHILADELPHIA AUTHORITY FOR INDUSTRIAL DEVELOPMENT
### THIRD PARTY LIABILITY

33.     Plaintiff, Arlene McAdams, incorporates by reference hereto, all of the averments contained in Paragraphs 1 through 32 inclusive, as if set forth at length herein.

34.     The injuries and damages hereinafter set forth were caused solely by and were the direct and proximate result of the negligence of the Defendants, which consisted, inter alia, of the following:

    (a)     allowing and/or causing a dangerous and defective condition to exist of the premises at the aforesaid location, of which Defendants knew or should have known by the exercise of reasonable care;

    (b)     said dangerous condition created a reasonably foreseeable risk of the kind of injuries which Plaintiff sustained;

    (c)     defendants knew or should have known of the existence of said dangerous condition;

(d)   failing to give warning or notice of the defective condition;

(e)   failing to inspect the sidewalk at reasonable intervals to determine the condition thereof;

(f)   failing to repair and/or replace the sidewalk in question;

(g)   failing to provide Plaintiff with a safe and adequate passageway on a known public thoroughfare;

(h)   permitting a highly dangerous condition to exist for an unreasonable length of time;

(i)   failing to perform duties which they had assumed;

(j)   failing to use due care under the circumstances;

(k)   failing to hire and/or supervise competent contractors to properly repair and/or maintain the premises including the sidewalk;

(l)   negligence per se; and

(m)   in being otherwise careless, and negligent, the particulars of which are presently unknown to Plaintiff, but which may be learned by discovery procedures provided by the Federal and/or Pennsylvania Rules of Civil Procedure, or which may be learned at the trial of this case.

35.   As a result of this accident, Plaintiff, Arlene McAdams, had suffered injuries which were serious and permanent in nature, including but not limited to: bilateral derangement of the knees requiring injection therapy, anterior and posterior tears of the lateral and medial meniscus, bilateral knee sprain and strain, right ankle sprain and strain, right wrist sprain and strain, as well as other injuries and ongoing physical rehabilitation as may be diagnosed and/or

prescribed by plaintiff's health care providers, all of which have caused plaintiff in the past, great pain and suffering.

36.     As a further result of this accident, Plaintiff, Arlene McAdams has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses and may be obliged to continue to expend such sums or incur such expenditures for an indefinite time in the future.

37.     As a further result of this accident, Plaintiff, Arlene McAdams, has suffered a severe loss of earnings and impairment of earning power and capacity.

38.     As a further result of this accident, Plaintiff, Arlene McAdams, had suffered medically determinable physical and/or mental impairment that prevented the plaintiff from performing all or substantially all of the material acts and duties that constituted the plaintiff's usual and customary activities prior to the accident.

39.     As a direct and reasonable result of the accident aforementioned, Plaintiff, Arlene McAdams, has or may hereafter incur other financial expenses that do or may exceed amounts which plaintiff may otherwise be entitled to recover.

40.     As a further result of the accident aforementioned, Plaintiff, Arlene McAdams, had suffered severe physical pain, mental anguish and humiliation.

**WHEREFORE,** Plaintiff, Arlene McAdams demands judgment against the Defendants, jointly and/or severally, for damages.

## THIRD COUNT
## PLAINTIFF, ARLENE MCADAMS v. DEFENDANT, CITY
## THIRD PARTY LIABILITY

41.     Plaintiff, Arlene McAdams, incorporates by reference hereto, all of the averments contained in Paragraphs 1 through 40 inclusive, as if set forth at length herein.

42.     The injuries and damages hereinafter set forth were caused solely by and were the direct and proximate result of the negligence of the Defendants, which consisted, inter alia, of the following:

(a)     allowing and/or causing a dangerous and defective condition to exist of the premises at the aforesaid location, of which Defendants knew or should have known by the exercise of reasonable care;

(b)     said dangerous condition created a reasonably foreseeable risk of the kind of injuries which Plaintiff sustained;

(c)     defendants knew or should have known of the existence of said dangerous condition;

(d)     failing to give warning or notice of the defective condition;

(e)     failing to inspect the sidewalk at reasonable intervals to determine the condition thereof;

(f)     failing to repair and/or replace the sidewalk in question;

(g)     failing to provide Plaintiff with a safe and adequate passageway on a known public thoroughfare;

(h)     permitting a highly dangerous condition to exist for an unreasonable length of time;

(i)     failing to perform duties which they had assumed;

(j)     violating 42 Pa. C.S.A. §8542(b)(7) of the Pennsylvania Statutes;

(k)     failing to use due care under the circumstances;

(l)     failing to hire and/or supervise competent contractors to properly repair and/or maintain the premises including the sidewalk;

(m)     negligence per se; and

(n)     in being otherwise careless, and negligent, the particulars of which are presently unknown to Plaintiff, but which may be learned by discovery procedures provided by the Federal and/or Pennsylvania Rules of Civil Procedure, or which may be learned at the trial of this case.

43.     As a result of this accident, Plaintiff, Arlene McAdams, had suffered injuries which were serious and permanent in nature, including but not limited to: bilateral derangement of the knees requiring injection therapy, anterior and posterior tears of the lateral and medial meniscus, bilateral knee sprain and strain, right ankle sprain and strain, right wrist sprain and strain, as well as other injuries and ongoing physical rehabilitation as may be diagnosed and/or prescribed by plaintiff's health care providers, all of which have caused plaintiff in the past, great pain and suffering.

44.     As a further result of this accident, Plaintiff, Arlene McAdams has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses described in 42 Pa. C.S.A. §8553(c)(3) for the injuries she has suffered, the cost or reasonable value of which is, or according to the advice of Plaintiff's treating physician may be, in excess of $1,500.00, and may be obliged to continue to expend such sums or incur such expenditures for an indefinite time in the future.

45.   As a further result of this accident, Plaintiff, Arlene McAdams, has suffered a severe loss of earnings and impairment of earning power and capacity.

46.   As a further result of this accident, Plaintiff, Arlene McAdams, had suffered medically determinable physical and/or mental impairment that prevented the plaintiff from performing all or substantially all of the material acts and duties that constituted the plaintiff's usual and customary activities prior to the accident.

47.   As a direct and reasonable result of the accident aforementioned, Plaintiff, Arlene McAdams, has or may hereafter incur other financial expenses that do or may exceed amounts which plaintiff may otherwise be entitled to recover.

48.   As a further result of the accident aforementioned, Plaintiff, Arlene McAdams, had suffered severe physical pain, mental anguish and humiliation.

**WHEREFORE,** Plaintiff, Arlene McAdams demands judgment against the Defendants, jointly and/or severally, for damages.

### FOURTH COUNT
### PLAINTIFF, ARLENE MCADAMS v. DEFENDANT, COMMONWEALTH
### THIRD PARTY LIABILITY

49.   Plaintiff, Arlene McAdams, incorporates by reference hereto, all of the averments contained in Paragraphs 1 through 48 inclusive, as if set forth at length herein.

50.   The injuries and damages hereinafter set forth were caused solely by and were the direct and proximate result of the negligence of the Defendants, which consisted, inter alia, of the following:

(a)   allowing and/or causing a dangerous and defective condition to exist of the premises at the aforesaid location, of which Defendants knew or should have known by the exercise of reasonable care;

(b)   said dangerous condition created a reasonably foreseeable risk of the kind of injuries which Plaintiff sustained;

(c)   defendants knew or should have known of the existence of said dangerous condition;

(d)   failing to give warning or notice of the defective condition;

(e)   failing to inspect the sidewalk at reasonable intervals to determine the condition thereof;

(f)   failing to repair and/or replace the sidewalk in question;

(g)   failing to provide Plaintiff with a safe and adequate passageway on a known public thoroughfare;

(h)   permitting a highly dangerous condition to exist for an unreasonable length of time;

(i)   failing to perform duties which they had assumed;

(j)   violating 42 Pa. C.S.A. §8522 (b)(4) of the Pennsylvania Statutes;

(k)   failing to use due care under the circumstances;

(l)   failing to hire and/or supervise competent contractors to properly repair and/or maintain the premises including the sidewalk;

(m)   negligence per se; and

(n)   in being otherwise careless, and negligent, the particulars of which are presently unknown to Plaintiff, but which may be learned by discovery

procedures provided by the Federal and/or Pennsylvania Rules of Civil Procedure, or which may be learned at the trial of this case.

52.     As a result of this accident, Plaintiff, Arlene McAdams, had suffered injuries which were serious and permanent in nature, including but not limited to: bilateral derangement of the knees requiring injection therapy, anterior and posterior tears of the lateral and medial meniscus, bilateral knee sprain and strain, right ankle sprain and strain, right wrist sprain and strain, as well as other injuries and ongoing physical rehabilitation as may be diagnosed and/or prescribed by plaintiff's health care providers, all of which have caused plaintiff in the past, great pain and suffering.

53.     As a further result of this accident, Plaintiff, Arlene McAdams has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses described in 42 Pa. C.S.A. §8553(c)(3) for the injuries she has suffered, the cost or reasonable value of which is, or according to the advice of Plaintiff's treating physician may be, in excess of $1,500.00, and may be obliged to continue to expend such sums or incur such expenditures for an indefinite time in the future.

54.     As a further result of this accident, Plaintiff, Arlene McAdams, has suffered a severe loss of earnings and impairment of earning power and capacity.

55.     As a further result of this accident, Plaintiff, Arlene McAdams, had suffered medically determinable physical and/or mental impairment that prevented the plaintiff from performing all or substantially all of the material acts and duties that constituted the plaintiff's usual and customary activities prior to the accident.

56.     As a direct and reasonable result of the accident aforementioned, Plaintiff, Arlene McAdams, has or may hereafter incur other financial expenses that do or may exceed amounts which plaintiff may otherwise be entitled to recover.

57.     As a further result of the accident aforementioned, Plaintiff, Arlene McAdams, had suffered severe physical pain, mental anguish and humiliation.

**WHEREFORE,** Plaintiff, Arlene McAdams demands judgment against the Defendants, jointly and/or severally, for damages.

## FIFTH COUNT
## PLAINTIFF, ARLENE MCADAMS  v. DEFENDANT, BASIN BRIDGE LLC
## THIRD PARTY LIABILITY

58.     Plaintiff, Arlene McAdams, incorporates by reference hereto, all of the averments contained in Paragraphs 1 through 57 inclusive, as if set forth at length herein.

59.     The injuries and damages hereinafter set forth were caused solely by and were the direct and proximate result of the negligence of the Defendants, which consisted, inter alia, of the following:

(a)     allowing and/or causing a dangerous and defective condition to exist of the premises at the aforesaid location, of which Defendants knew or should have known by the exercise of reasonable care;

(b)     said dangerous condition created a reasonably foreseeable risk of the kind of injuries which Plaintiff sustained;

(c)     defendants knew or should have known of the existence of said dangerous condition;

(d)     failing to give warning or notice of the defective condition;

(e)     failing to inspect the sidewalk at reasonable intervals to determine the condition thereof;

(f)     failing to repair and/or replace the sidewalk in question;

(g)     failing to provide Plaintiff with a safe and adequate passageway on a known public thoroughfare;

(h)     permitting a highly dangerous condition to exist for an unreasonable length of time;

(i)     failing to perform duties which they had assumed;

(j)     failing to use due care under the circumstances;

(k)     failing to hire and/or supervise competent contractors to properly repair and/or maintain the premises including the sidewalk;

(l)     negligence per se; and

(m)     in being otherwise careless, and negligent, the particulars of which are presently unknown to Plaintiff, but which may be learned by discovery procedures provided by the Federal and/or Pennsylvania Rules of Civil Procedure, or which may be learned at the trial of this case.

60.     As a result of this accident, Plaintiff, Arlene McAdams, had suffered injuries which were serious and permanent in nature, including but not limited to: bilateral derangement of the knees requiring injection therapy, anterior and posterior tears of the lateral and medial meniscus, bilateral knee sprain and strain, right ankle sprain and strain, right wrist sprain and strain, as well as other injuries and ongoing physical rehabilitation as may be diagnosed and/or prescribed by plaintiff's health care providers, all of which have caused plaintiff in the past, great pain and suffering.

61.    As a further result of this accident, Plaintiff, Arlene McAdams has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses and may be obliged to continue to expend such sums or incur such expenditures for an indefinite time in the future.

62.    As a further result of this accident, Plaintiff, Arlene McAdams, has suffered a severe loss of earnings and impairment of earning power and capacity.

63.    As a further result of this accident, Plaintiff, Arlene McAdams, had suffered medically determinable physical and/or mental impairment that prevented the plaintiff from performing all or substantially all of the material acts and duties that constituted the plaintiff's usual and customary activities prior to the accident.

64.    As a direct and reasonable result of the accident aforementioned, Plaintiff, Arlene McAdams, has or may hereafter incur other financial expenses that do or may exceed amounts which plaintiff may otherwise be entitled to recover.

65.    As a further result of the accident aforementioned, Plaintiff, Arlene McAdams, had suffered severe physical pain, mental anguish and humiliation.

**WHEREFORE,** Plaintiff, Arlene McAdams demands judgment against the Defendants, jointly and/or severally, for damages.

### SIXTH COUNT
### PLAINTIFF, ARLENE MCADAMS v. DEFENDANTS, UNITED STATES OF AMERICA & UNITED STATES NAVY
### THIRD PARTY LIABILITY

66.    Plaintiff, Arlene McAdams, incorporates by reference hereto, all of the averments contained in Paragraphs 1 through 65 inclusive, as if set forth at length herein.

67.     The injuries and damages hereinafter set forth were caused solely by and were the direct and proximate result of the negligence of the Defendants, which consisted, inter alia, of the following:

      (a)    allowing and/or causing a dangerous and defective condition to exist of the premises at the aforesaid location, of which Defendants knew or should have known by the exercise of reasonable care;

      (b)    said dangerous condition created a reasonably foreseeable risk of the kind of injuries which Plaintiff sustained;

      (c)    defendants knew or should have known of the existence of said dangerous condition;

      (d)    failing to give warning or notice of the defective condition;

      (e)    failing to inspect the sidewalk at reasonable intervals to determine the condition thereof;

      (f)    failing to repair and/or replace the sidewalk in question;

      (g)    failing to provide Plaintiff with a safe and adequate passageway on a known public thoroughfare;

      (h)    permitting a highly dangerous condition to exist for an unreasonable length of time;

      (i)    failing to perform duties which they had assumed;

      (j)    failing to use due care under the circumstances;

      (k)    failing to hire and/or supervise competent contractors to properly repair and/or maintain the premises including the sidewalk;

      (l)    negligence per se; and

(m)   in being otherwise careless, and negligent, the particulars of which are presently unknown to Plaintiff, but which may be learned by discovery procedures provided by the Federal and/or Pennsylvania Rules of Civil Procedure, or which may be learned at the trial of this case.

68.   As a result of this accident, Plaintiff, Arlene McAdams, had suffered injuries which were serious and permanent in nature, including but not limited to: bilateral derangement of the knees requiring injection therapy, anterior and posterior tears of the lateral and medial meniscus, bilateral knee sprain and strain, right ankle sprain and strain, right wrist sprain and strain, as well as other injuries and ongoing physical rehabilitation as may be diagnosed and/or prescribed by plaintiff's health care providers, all of which have caused plaintiff in the past, great pain and suffering.

69.   As a further result of this accident, Plaintiff, Arlene McAdams has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses and may be obliged to continue to expend such sums or incur such expenditures for an indefinite time in the future.

70.   As a further result of this accident, Plaintiff, Arlene McAdams, has suffered a severe loss of earnings and impairment of earning power and capacity.

71.   As a further result of this accident, Plaintiff, Arlene McAdams, had suffered medically determinable physical and/or mental impairment that prevented the plaintiff from performing all or substantially all of the material acts and duties that constituted the plaintiff's usual and customary activities prior to the accident.

72.     As a direct and reasonable result of the accident aforementioned, Plaintiff, Arlene McAdams, has or may hereafter incur other financial expenses that do or may exceed amounts which plaintiff may otherwise be entitled to recover.

73.     As a further result of the accident aforementioned, Plaintiff, Arlene McAdams, had suffered severe physical pain, mental anguish and humiliation.

**WHEREFORE,** Plaintiff, Arlene McAdams demands judgment against the Defendants, jointly and/or severally, for damages.


**CLEARFIELD & KOFSKY**

BY:     _____

**Anthony Lopresti, Esquire**
**Attorney for Plaintiff, Arlene McAdams**

## VERIFICATION

I, __Arlene McAdams__ hereby verify that I am the __Plaintiff__ in the attached __Complaint__, and that the facts set forth herein are true and correct to the best of my knowledge, information and belief. I understand that false statements made herein are subject to the penalties of the 18 PA C.S. §4904, relating to unsworn falsification to authorities.

NAME _Arlene D. McAdams_

ADDRESS _2618 S. Front St (Box 6A)_

DATE